J-S30008-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN EARL LAPE | : | |
| | : | |
| Appellant | : | No. 1535 WDA 2019 |

Appeal from the PCRA Order Entered September 17, 2019
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000612-2013

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    FILED JULY 30, 2020

Kevin Earl Lape (Appellant) appeals from order denying his serial

petition seeking relief pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts underlying this case arise out of a series of sexual assaults

Appellant committed on a minor victim from sometime in 2009 until

approximately February 2013.  The PCRA court set forth the procedural

history:

> On March 25, 2015, [Appellant] was found guilty by jury verdict
> of involuntary deviate sexual intercourse ("IDSI") by forcible
> compulsion, 18 Pa.C.S.[A.] § 3123(a)(1); IDSI with a child under
> 16, 18 Pa.C.S.[A.] § 3123(a)(7); indecent assault on a child under
> 16, defendant at least four years older, 18 Pa.C.S.[A.] §
> 3126(a)(8); aggravated indecent assault on a child under 16,
> defendant at least four years older, 18 Pa.C.S.[A.] § 3125(a)(8);
> and corruption of minors, 18 Pa.C.S.[A.] § 2706(a)(1).  On July

_____

[*] Former Justice specially assigned to the Superior Court.

21, 2015, [Appellant] was sentenced, inter alia, to an aggregate ten to twenty years [of] incarceration in a State Correctional Institution. As part of sentencing, [the trial court] held a Sexually Violent Predator ("SVP") hearing and found there to be clear and convincing evidence establishing [Appellant] as a SVP. [Appellant] did not file a post-sentence motion or direct appeal.

[Appellant] timely filed a pro se [PCRA] petition on March 28, 2016. It being [Appellant]'s first PCRA petition, [the PCRA court] appointed [PCRA counsel] to represent [Appellant]. Through PCRA counsel, [Appellant] filed an [a]mended [p]etition for [p]ost-[c]onviction [r]elief on September 16, 2016. [The PCRA court] held a hearing on September 21, 2016, at which time [the court] dismissed the petition. [Appellant] filed a [n]otice of [a]ppeal to the Superior Court on October 13, 2016, and the Superior Court issued its decision on December 5, 2017 affirming our dismissal of [Appellant]'s petition. A [p]etition for [a]llowance of [a]ppeal was filed at the Pennsylvania Supreme Court. The Pennsylvania Supreme Court issued an order denying [Appellant]'s [p]etition for [a]llowance of [a]ppeal on May 23, 2018.

During the pendency of his appeal before the Supreme Court, [Appellant] filed a pro se "Motion to be Removed from SORNA" with [the PCRA c]ourt on March 28, 2018. The motion, which [the PCRA court] treated as [Appellant]'s second PCRA petition, was held in abeyance until the appeal pending on the first PCRA petition reached a final disposition. On July 2, 2018, [the PCRA court] [re]-appointed [PCRA counsel] to represent [Appellant] and granted PCRA counsel leave to amend [Appellant]'s second petition. Following several requests for continuance, an [a]mended [p]etition for [p]ost-[c]onviction [r]elief was filed on February 14, 2019. [The PCRA court] held a preliminary hearing on February 20, 2019.

In his [a]mended PCRA [p]etition, [Appellant averred] that his classification as a SVP and corresponding lifetime registration requirement have been declared unconstitutional by Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) and Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017). See Def.'s PCRA Pet., Feb. 14, 2019, at ¶ 4. According to [Appellant], both decisions established a new substantive rule of constitutional law and must therefore be applied retroactively in the collateral context. Id. [] ¶ 7. As a result, [Appellant] ask[ed]

- 2 -

that [the PCRA court] vacate his SVP designation and lifetime registration requirement as a sexual offender. Having filed his second PCRA petition more than thirty-one months following the date his judgment became final, [Appellant] invoke[d] the PCRA's timeliness exception regarding newly recognized constitutional rights by claiming relief under Muniz and Butler. See 42 Pa.C.S.A. § 9545(b)(1)(iii).

PCRA Court Opinion, 7/12/19, at 1-3.

On February 20, 2019, the PCRA court held a hearing on Appellant's second PCRA petition. On July 12, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition as untimely pursuant to Pennsylvania Rule of Criminal Procedure 907. By order dated September 17, 2019, the PCRA court formally dismissed Appellant's petition. This timely appeal followed.[1]

On appeal, Appellant presents the following issues for review:

I. Whether the [PCRA] court erred in dismissing Appellant's claim for post-conviction relief because Muniz and its progeny confirmed United States and Pennsylvania substantive constitutional rights that cannot be abrogated by any statute including the jurisdictional grounds under the PCRA timeliness exception at 42 Pa.C.S.A. §9545(b)(1)(iii)?

II. Whether the [PCRA] court erred in dismissing Appellant's claim requesting his Sexually Violent Predator classification be vacated, because the statutory mechanism undertaking the adjudication of the "SVP" status is flawed per the rulings in Muniz and Butler?

Appellant's Brief at 3.

_____

[1] Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

The issues Appellant presents on appeal directly challenge the PCRA court's decision to dismiss his petition as untimely. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."

Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

In this case, Appellant concedes that his PCRA petition is untimely.[2] See Appellant's Brief at 8-9. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved a timeliness exception pursuant to Section 9545(b)(1). See Derrickson, 923 A.2d at 468.

For his first issue, Appellant attempts to establish on appeal the "new retroactive right" exception of Section 9545(b)(1)(iii) based on our Supreme Court's decision in Muniz. In Muniz, the Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act (SORNA),[3] violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Id. at 1223. Appellant asserts that Muniz recognized a new constitutional right that applies retroactively to him on collateral review because the trial court ordered him to register for his lifetime as a sexual offender under SORNA. Appellant's Brief at 11-14.

In Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018), however, this Court rejected this exact claim. We explained:

_____

[2] The record also supports a finding that Appellant's petition is untimely. The trial court sentenced Appellant on July 21, 2015, and Appellant did not file a direct appeal. Therefore, his judgment of sentence became final 30 days later, or August 20, 2015. See 42 Pa.C.S.A. § 9545(b)(3).

[3] 42 Pa.C.S.A. §§ 9799.10-9799.42.

> [The appellant]'s reliance on Muniz cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In Commonwealth v. Abdul-Salaam, [] 812 A.2d 497 ([Pa.] 2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> Id. at 501.
>
> Here, we acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). See Abdul-Salaam, supra. Because at this time, no such holding has been issued by our Supreme Court, [a]ppellant cannot rely on Muniz to meet that timeliness exception.

Id. at 405-06.

Because Appellant cannot rely upon Muniz to satisfy any of the timeliness exceptions of Section 9545(b)(1), we are without jurisdiction to review the merits of his PCRA claims.

For his second issue, Appellant argues that the PCRA court erred in failing to vacate his SVP designation based on this Court's decision in Butler. Notably, Appellant does not frame this issue within the context of any of the PCRA timeliness exceptions set forth in Section 9545(b)(1). Thus, Appellant's second issue does not provide us a basis upon which we can exercise jurisdiction over the merits of his claims. Nevertheless, even if we did have jurisdiction over Appellant's PCRA petition, Appellant would not be entitled to relief.

In Butler, this Court held that Pennsylvania's statutory mechanism from designating sex offenders as SVPs was unconstitutional. Id. at 1217-18. This Court explained that based on Muniz, "registration requirements under SORNA constitute a form of criminal punishment" and consequently, the procedure in Pennsylvania for designating individuals as SVPs is unconstitutional because "it increases the criminal penalty to which a defendant is exposed" on a showing of clear and convincing evidence, "without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." Id. at 1217-18.

Recently, however, our Supreme Court reversed this Court's Butler decision. See Commonwealth v. Butler, 226 A.3d 972, 975 (Pa. 2020). Specifically, our Supreme Court held that the registration, notification, and reporting requirements "applicable to SVPs do not constitute criminal punishment," and therefore, the procedural mechanism in Pennsylvania for

designating sex offenders as SVPs set forth in 42 Pa.C.S.A. § 9799.24 is constitutional. Id. at 993. As our Supreme Court has declared Pennsylvania's statutory mechanism from designating sex offenders as SVPs to be constitutional, Appellant's claim does not warrant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2020